PROB 12C  
(06/17)

April 14, 2023  
pacts id: 6398621

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Erik Arnulfo Ortega (English)     **Dkt. No.:** 20CR00163-001-JLS

**Reg. No.:** 90568-298

**Name of Sentencing Judicial Officer:** The Honorable Janis L. Sammartino, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(ii), Transportation of an Illegal Alien, a Class D felony.

**Date of Revocation Sentence:** February 25, 2022

**Sentence:** 3 months' custody; 20 months' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** April 29, 2022

**Asst. U.S. Atty.:** Ashley E. Goff     **Defense Counsel:** Keith H. Rutman (Appointed) 619-237-9072

**Prior Violation History:** Yes.  See prior court correspondence.

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. | 1. On or about April 9, 2023, Mr. Ortega committed assault with a deadly weapon, a felony, in violation of California Penal Code § 245(A)(1), as evidenced by the National City Police Department Arrest Report No. 2308753. |

***Grounds for Revocation:*** As to Allegation 1, I have received and reviewed the National City Police Department Arrest Report No. 2308753, which confirms the following: On the above date, officers responded to a call to investigate an assault with a deadly weapon. When officers arrived, the victim in the case advised officers that Mr. Ortega attempted to assault him with a hammer. Officers located Mr. Ortega near the location the call originated from. Per the report the victim, an ex-friend, and Mr. Ortega had been drinking alcohol in the Pacific Beach area and later drove to National City. Reportedly, Mr. Ortega became confrontational with the victim when he attempted to encourage Mr. Ortega not to drive as he felt he was too intoxicated to do so. Thereafter, an altercation ensued between the victim and Mr. Ortega when Mr. Ortega became confrontational with the victim. Mr. Ortega returned to the vehicle and pulled out a hammer and attempted to hit the victim with the hammer, however, he was unsuccessful. The victim reportedly called the police at this time, but Mr. Ortega made several attempts to hit him with the hammer. Thereafter, Mr. Ortega reportedly put the hammer in an unknown truck bed. As the victim was awaiting for officers to respond, he continued to keep an eye on Mr. Ortega so that officers could detain him when they arrived. A second altercation ensured again and at that time the victim hit Mr. Ortega with his key, causing Mr. Ortega to bleed from his face. Officers eventually responded and detained both parties. It was reported by the officer that Mr. Ortega appeared heavily intoxicated and was uncooperative during the investigation. The victim in the case denied medical treatment. Mr. Ortega was arrested for violation of California Penal Code § 245(A)(1), Assault With a Deadly Weapon, a felony. Officers were able to locate the hammer in a truck nearby. Mr. Ortega was transported to the hospital for further evaluation for his own injuries sustained during the altercation. Mr. Ortega was later released from the hospital. Currently, Mr. Ortega is in the community however through law enforcement contact by the undersigned, it appears there is an active warrant for his arrest and officers are attempting to locate and place Mr. Ortega into local custody.

| **(Special Condition)**<br>Abstain from the use of any and all alcohol, and not be present in (or frequent) places where alcohol is the main item of sale. | 2. On or about July 9, 2022, Mr. Ortega admitted he had consumed alcohol to the probation officer, after having left residential drug treatment. |

***Grounds for Revocation:*** As to Allegation 2, on May 9, 2022, Mr. Ortega entered residential treatment at The Way Back. On July 9, 2022, Mr. Ortega checked out of treatment on a scheduled pass and failed to return to the program as instructed. Mr. Ortega admitted to the probation officer that he left treatment, drank alcohol and didn't return to treatment until July 12, 2022. To his benefit, The Way Back was willing to permit Mr. Ortega to reenter treatment, in which he successfully completed thereafter.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

On April 29, 2022, Mr. Ortega commenced his second term of supervised release. Per his court order, Mr. Ortega was to complete residential treatment. Mr. Ortega followed this order and on May 9, 2022, entered residential treatment at The Way Back. While in treatment, Mr. Ortega appeared motivated and was seemingly doing well. Unfortunately, as outlined in allegation 2 above, Mr. Ortega opted to prematurely leave treatment and while away, chose to consume alcohol. To his credit, he quickly realized the choose he made was not to his benefit, and The Way Back permitted him to return to treatment. He successfully completed his placement on August 4, 2022.

Thereafter, Mr. Ortega was given the instruction of the probation officer to attend aftercare services. While it took Mr. Ortega a couple attempts to complete aftercare, he eventually completed aftercare services. On April 3, 2023, Mr. Ortega successfully completed outpatient treatment through ECS Services. Since he had completed residential treatment, the undersigned had given Mr. Ortega random breathalyzers to monitor possible alcohol consumption. All tests returned negative, and Mr. Ortega continued to deny alcohol use since his slip in July 2022. While not alleged herein, the concern is that it appears Mr. Ortega was heavily intoxicated the night of the recent assault. As Your Honor is aware, Mr. Ortega has had multiple alcohol related incidents. Once again, it seems as though he consumed alcohol and this time had become extremely dangerous to the community by attempting to assault a person with a hammer. Had Mr. Ortega made contact with the victim during the assault, it could have resulted in serious and possible life-threatening injuries to the victim. Given the seriousness of the risk he has now imposed, his overall adjustment to supervision is deemed very poor.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Ortega is a 28-year-old, single male. He has never been married nor fathered any children. Mr. Ortega's employment history includes mostly construction work, specifically with his father's company.

At the time of his sentencing in the instant office, Mr. Ortega fell into a Criminal History Category I. His criminal history includes: DUI's, driving on a suspended license, vandalism, possession of a controlled substance and alien smuggling, to summarize. He has a limited drug history to include some use of marijuana, but mostly, he has struggled with alcohol abuse.

Mr. Ortega appears to be a healthy man with no significant mental or physical health ailments.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: USSG §7B1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves New law violation which constitutes a Grade A violation. USSG §7B1.1(a)(3), p.s.

Upon a finding of a Grade A violation the court shall revoke supervised release. USSG §7B1.3(a)(1), p.s.

A Grade B violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 12 to 18 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade A violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 33 month(s) supervised release, less any term of imprisonment imposed upon revocation. *The court has imposed an aggregate of 3 months custody in this case.* 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Mr. Ortega has demonstrated an unwillingness to comply with the conditions of his supervised release by committing a new law violation and his use of alcohol. As such, it is believed the issuance of a warrant is justified to gain his appearance in court to answer to the alleged violations.

## RECOMMENDATION/JUSTIFICATION

Based on the previously outlined allegations, it is believed Mr. Ortega has demonstrated an inability to successfully abide by the conditions of his supervision. Therefore, it is believed court intervention is needed to remove the offender from the community and allow the court to address the above outlined conduct.

Should the Court sustain the allegations, this officer respectfully recommends supervised release be revoked. Based on the totality of the violation conduct, a custodial sentence of 12 months is being recommended, as a sanction for his breach of the courts trust. If a custodial term is imposed, the probation officer thereafter requests that an additional 21 months of supervised release to follow, with all previously imposed special conditions, except for the need to complete community service hours. Mr. Ortega is a healthy individual and can secure a full-time job, which the probation officer believes would better serve Mr. Ortega overall than having to complete additional community service hours. Should Mr. Ortega show a lack of motivation to secure employment, the probation officer can seek to modify this condition in the future.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: **April 14, 2023**

Respectfully submitted:  
DANIEL J. KILGORE  
CHIEF PROBATION OFFICER

by  
Talia Devine  
Senior U.S. Probation Officer  
(619) 557-5832

Reviewed and approved:

Craig Bilinski  
Supervisory U.S. Probation Officer

fyf

PROB12CW                                                                                                April 14, 2023

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Ortega, Erik Arnulfo

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 20CR00163-001-JLS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

   | Violation(s) | Grade |
   |---|---|
   | New law violation (assault with a deadly weapon) | A |
   | Use of alcohol | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))     [ A ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))     [ I ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))     [ 12 to 18 months ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   | | | | |
   |---|---|---|---|
   | Restitution ($) | N/A | Community Confinement | N/A |
   | Fine($) | N/A | Home Detention | N/A |
   | Other | Community Service Hours remain outstanding | Intermittent Confinement | N/A |

PROB12(C)

Name of Offender: Erik Arnulfo Ortega April 14, 2023
Docket No.: 20CR00163-001-JLS Page 7

**THE COURT ORDERS:**

__X__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____ 04/14/2023
The Honorable Janis L. Sammartino                       Date
U.S. District Judge